# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

PATRICK BROWN                                                                                     PLAINTIFF

4:10-cv-01102-JMM-JTK

JOSE POLLOCK, et al.                                                                          DEFENDANTS

## PROPOSED FINDINGS & RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James

M. Moody.   Any party may serve and file written objections to this recommendation.  Objections

should be specific and should include the factual or legal basis for the objection.  If the objection is

to a factual finding, specifically identify that finding and the evidence that supports your objection.

An original and one copy of your objections must be received in the office of the United States

District Court Clerk no later than fourteen (14) days from the date of the findings and

recommendations.  The copy will be furnished to the opposing party.   Failure to file timely

objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or

additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the

same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a hearing is granted) was not offered at the
        hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the
        hearing before the District Judge in the form of an offer of
        proof, and a copy, or the original, of any documentary or
        other non-testimonial evidence desired to be introduced at

the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

An Evidentiary Hearing was held in this case before the Court on April 24, 2012.  Following a presentation of the testimony of the parties and submission of exhibits, the Court enters the following proposed findings and recommendation.

## I.      Introduction

Plaintiff filed this action pursuant to 42 U.S.C. § 1983 against Defendants, based on an incident which occurred while he was incarcerated in the Ashley County Jail in July, 2010.  Plaintiff claims he was injured when his cellmate fell on him while attempting to climb into an upper bunk, and that Defendants Flowers and Slaughter denied his requests for medical assistance.  Defendants Pollock and Johnson were previously dismissed, for failure to state a claim, on November 20, 2010 (Doc. No. 25).  Plaintiff asks for money damages from Defendants Flowers and Slaughter.

## II.     Factual Findings

### A.      Hearing Testimony and Exhibits

#### 1.      Plaintiff Patrick Brown

Plaintiff  Brown testified he was incarcerated at the Ashley County Jail in 2010 for several months for a parole violation.  While he could not recall the exact date of the incident at issue, he

narrowed it down to around July 18, 2010.  On that date, he was housed in the segregation area of the Jail with inmate Robinson.  As Robinson stepped on a table affixed to the wall in order to climb into his upper bunk, the table gave way and Robinson fell, landing on top of Brown, who was sitting below him on the lower bunk.  Robinson landed on Brown's back, in the area of his shoulder blade, and the table hit his knees as it collapsed.  Robinson then struck his head on the toilet and fell to the floor.  Brown yelled for help from fellow inmates, and about ten minutes after the incident occurred, Defendant Flowers came in, looked in the cell, and left.  She then returned with Defendant Slaughter and the two asked Brown how the incident occurred.  When Brown asked for medical attention, they told him no one was going anywhere.  Brown stated that although he did not initially feel pain, his back started hurting about ten to fifteen minutes after the incident.  He wrote some grievances about his pain but was never seen by medical personnel.  He stated he was released from the Jail about two months after the incident.

According to Brown's Jail file, he entered the Jail on May 25, 2010, and was released on September 28, 2010.  (Def. Ex. 1) Although Defendants presented several grievances submitted by him around the time of the incident, the first mention of back pain by him is in a grievance he submitted on July 30, 2010.  (Def. Ex. 2, p. 16.)  Brown stated he submitted a number of other written complaints about his back pain, but that they were never returned to him for his records.  He also acknowledged that he saw a Dr. Lewellen in May, 2011, while he was incarcerated at the Dumas City Jail.  According to the medical records associated with that visit, the doctor prescribed him several medications, including Oxycodone, and arranged for tests and scans.  (Def. Ex. 6, p. 3.) Brown's chest x-ray was negative, the x-ray of his lumbar spine showed normal results, and the CT scans of his head and cervical spine were normal.  (Id. at pp. 5-12.)

### 2. Kenneth Osburn

Mr. Osburn was incarcerated at the Jail in July, 2010, in the same area as the Plaintiff. He testified that he knew Plaintiff because they were from the same town, and that they talked quite a bit. He stated he never heard Plaintiff ask for medical attention for a back injury, and was not aware he had a back injury.

### 3. Torish Young

Ms. Young stated that Plaintiff is the father of her child and that when he was released from the Jail in September, 2011, he started complaining about his back, stating he injured it in the Jail. He told her he went to the emergency room on several occasions, and she knew he took hydrocodone for pain.[1]

### 4. Katherine Flowers

Ms. Flowers was employed at Ashley County Jail in 2010. She currently resides in Henderson, Texas. On the date of the incident, Ms. Flowers was serving "chow" when Brown notified her that Robinson fell out of his bunk. At that time, Brown was standing at the cell door and Flowers saw Robinson lying on the floor. She asked Robinson if he was okay, and he spoke a

---

[1]

Plaintiff also requested as a witness, Glen Brown, who was incarcerated with him at the Jail about the time of the incident (Doc. No. 75). He identified Mr. Brown as being incarcerated at the ADC, but did not provide an ADC number. The Court searched the ADC website and located one inmate named Glen Brown, and arranged for his presence at the hearing. However, when he appeared, Plaintiff stated that this was not the same Glen Brown with whom he was incarcerated. The Court then contacted the ADC and learned that the Glen Brown requested by Plaintiff was paroled. The Court attempted to contact him through a last-known telephone number, but could not reach anyone.

Plaintiff also requested as a witness Dr. Lewellen, but he did not include any information about Lewellen's expected testimony (Doc. No. 75). The Court therefore directed Plaintiff to provide a supplement to his witness list, clarifying when he was treated by the doctor and including a summary of his expected testimony (Doc. No. 83). Plaintiff never responded to this Order.

few words.  She then called the tower, and the tower contacted the supervisor.  During the time that emergency medical technicians checked on Robinson, Brown did not state that he was hurt, and did not ask for medical assistance.  Flowers also denied telling Brown that she was ordered not to provide him with assistance.  Flowers saw Brown several times after the incident occurred, and he never complained to her about an injury or asked for medical assistance.

### 5.      Amy Slaughter

Ms. Slaughter was employed at the Ashley County Jail from August, 2006 until April, 2012. She currently is a 911 operator for the Monticello Police Department.  At the time of the incident, she was the assistant Jail administrator.  She was in the booking area of the Jail when the tower notified her that inmate Robinson was hurt.  When she entered the housing unit, she saw Patrick Brown sitting on his bunk and inmate Robinson lying on the floor.  She contacted the emergency medical technicians and they came to check on Robinson.  They did not find any knots on his head or other visible injuries, but moved him to the booking area where he could be observed by Jail employees.  Brown never told Slaughter he was injured or that he needed medical attention.  She saw no appearance of injury on Brown and no one instructed her that she was not to provide medical assistance for Brown.

## III.     Legal Conclusions

The Court is unclear whether Plaintiff should be considered a pretrial detainee or a convicted inmate at the time of his incarceration.  While the due process standard of the Fourteenth Amendment applies to determine the constitutionality of pretrial detainees' conditions of confinement, the standards applied to such claims are the same as those applied to Eighth Amendment claims.  See Bell v. Wolfish, 441 U.S. 520, 535 (1979), and Whitnack v. Douglas

County, 16 F.3d 954, 957 (8th Cir. 1994).   In order to support a claim for an Eighth Amendment violation, Plaintiff must prove that Defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).   However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 97, 105-06 (1976).   Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995). See also Smith v. Marcantonio, 910 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   In addition, an inmate who complains that a delay in medical treatment constitutes a constitutional violation must provide "verifying medical evidence" in the record to establish the detrimental effect of the delay, in order to succeed on his claim.  Beyerbach v. Sears, 49 F.3d 1324, 1326 (8th Cir. 1995) (overruled in part on other grounds).  Finally, "[i]n the face of medical records indicating that treatment was provided and physician affidavits indicating that the care provided was adequate, an inmate cannot create a question of fact by merely stating that [he] did not feel [he] received adequate treatment." Dulany, supra, 132 F.3d at 1240.

In this particular case, Plaintiff Brown did not meet his burden of proof, by the preponderance of the evidence, that Defendants deliberately refused to provide him medical care for a serious medical need.  Brown could not produce any documentation verifying a back injury as a result of the July, 2010 incident, and could only produce one grievance, dated about two weeks after the incident, in which he complained about back pain.  Both Defendants deny that they refused to provide him medical care and stated that the emergency medical workers who attended to inmate Robinson could

6

have checked out Plaintiff, also, if he had complained or stated that he was injured.  Furthermore, the medical records produced by the Defendants show that tests and scans which were performed in May, 2011, showed no back or head problems or injuries.  Therefore, Plaintiff fails to support his Eighth Amendment claim against the Defendants.

**IV.     Conclusion**

IT IS, THEREFORE, RECOMMENDED that Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 26th day of April, 2012.

_____
     JEROME T. KEARNEY
     UNITED STATES MAGISTRATE JUDGE